JACKSON & MOSS *v.* COMMONWEALTH.

**Discretion of Trial Court.**

> The ends of justice require that the court shall have a wide discretion in respect to the order of the introduction of evidence in a criminal trial and such discretion will only be interfered with by this court when manifestly abused and the substantial rights of the accused party prejudiced.

APPEAL FROM BALLARD CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE HOLT:

Upon the trial of the appellants for grand larceny they offered to prove what one of them, who was at the time in possession of the stolen property, had said as to how it had been obtained. He had not then been charged with stealing it, and although suspected by the witness of having done so, the appellant did not, so far as the record discloses, know that he was so suspected. It is not necessary to decide whether the statement was competent testimony for the appellants when offered by them, inasmuch as the court permitted the attorney for the commonwealth to introduce it after the appellants had closed their testimony.

It is proper for the trial court to require the attorney for the state, if he knows of the testimony and it is in chief, to so introduce it; but the ends of justice require that the court shall have a wide discretion in this respect, and it should not be interfered with, unless manifestly abused and the substantial rights of the party thereby prejudiced. This state of case does not appear in this instance. The commonwealth undoubtedly had the right to prove the statements of the appellant; the lower court had a discretion as to their admission at any time during the trial, and as they were in evidence the substantial rights of the appellants could not have been prejudiced, simply because one side and not the other was permitted to prove them. The only other reason urged for reversal

is that the state was allowed to prove that property other than that named in the indictment, but of the same kind and which belonged to a different owner, had been stolen from the same building, but from a different room, and had been sold by the appellants to the same person to whom they had sold the property named in the indictment, and that this had occurred about the same time that the larceny in question had been committed.

The court also permitted some evidence relating to the ownership of this other property to go to the jury. It is also unnecessary to decide this question because the court subsequently excluded all of this testimony from the jury. It is insisted, however, that it is beyond the power of the court to withdraw its effect from them. While this may be true, yet if the rule that a new trial or a reversal must follow whenever the trial judge admitted testimony which upon the reconsideration he deemed incompetent, and if he had no power after its admission to exclude it from their consideration, new trials would have to be granted in nearly every jury case, and litigation would be almost endless. The rule to the contrary is founded upon reason and well established.

Judgment *affirmed.*

*Mulkey & Nichols, for appellants.*

*P. W. Hardin, for appellee.* ·